```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-22368-Civ-UNGARO
                                      (93-06162-Cr-UNGARO)
                              MAGISTRATE JUDGE P. A. WHITE
```

VINCENT GREGORY STEELE,    :

    Movant,                :

v.                         :          REPORT OF
                                                       MAGISTRATE JUDGE
UNITED STATES OF AMERICA,  :

    Respondent.            :
_____

## I. Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his sentence for felon in possession of a firearm following a jury verdict in Case No. 93-06162-Cr-Ungaro.

The Court has reviewed the motion (Cv-DE# 1), the government's response (Cv-DE# 8), the movant's reply (Cv-DE# 9), the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

## II. Claim

Steele raises the sole claim that his enhanced armed career criminal sentence is unlawful because one of his prior convictions, escape, no longer qualifies as a "crime of violence" in light of the Supreme Court's decision in United States v. Chambers, ___ U.S. ___, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009).

## III. Procedural History

The relevant procedural history of the underlying criminal case is as follows. The movant was charged in a one-count Indictment returned on September 8, 1993, with the offense of

unlawfully possessing three handguns while having previously been convicted of a felony in violation of 18 U.S.C. §922(g)(1). (Cr-DE# 1). Steele was convicted of the offense charged after trial by jury. (Cr-DE# 34). Before trial, the government had filed a notice of sentencing enhancement pursuant to 18 U.S.C. §924(e). (Cr-DE# 17). A Presentence Investigation Report ("PSI") was prepared before sentencing which reveals as follows. The PSI calculated the petitioner's base offense level at 24 pursuant to U.S.S.G. §2K2.1(a)(2). (PSI at ¶12). However, pursuant to U.S.S.G. §2K2.1(b)(1)(A), the probation officer determined that the movant qualified for a one-level increase because the offense involved three firearms, giving Steele an adjusted total offense level of 25. (PSI at ¶¶13, 19). The probation officer further determined that pursuant to U.S.S.G. §4B1.4, the movant qualified for an enhanced sentence as an armed career criminal because he had at least three prior felony convictions for a violent crime or a serious drug offense. (PSI at ¶20). Due to movant's status as an armed career criminal, the base offense level was increased to a level 33 pursuant to U.S.S.G. §4B1.4(b)(1)(3)(B). Id.

The PSI listed Steele's many prior convictions which include, but is not limited to, the following: (1) 1976 convictions for burglary of a dwelling and grand larceny (PSI at ¶24 of the PSI); (2) 1978 conviction for burglary of a commercial establishment (PSI at ¶25); (3) 1980 convictions for carrying a concealed firearm, burglary of a conveyance and possession of burglary tools (PSI at ¶¶26, 27); (4) 1981 conviction for escape (PSI at ¶28); (5) 1984 conviction for simple battery (PSI at ¶29); (6) 1985 conviction for possession of a firearm by a convicted felon (PSI at ¶31); (7) 1985 convictions for possession of 32 rocks of crack cocaine (PSI at ¶32); (8) 1985 conviction for possession of cocaine residue (PSI at ¶33); (9) 1986 conviction for receiving stolen property (PSI at ¶38); (10) 1987 convictions for possession of a cocaine rock

weighing over five grams, possession of drug paraphernalia, and resisting arrest without violence (PSI at ¶40); and (11) 1989 conviction for possession of contraband (marijuana and cocaine) in prison (PSI at ¶41).

The probation officer determined that the movant had a total of 31 criminal history points. (PSI at ¶45). Since at the time of the offense, movant had been released to the State of Florida's Controlled Release Program and was being supervised by the Florida Department of Corrections, 2 points were added pursuant to U.S.S.G. §4A1.1(d). (PSI at ¶46). Since movant committed the instant offense less than two years after his release from a Florida prison, another 1 point was added pursuant to U.S.S.G. §4A1.1(e). (PSI at ¶47). The 34 criminal history points resulted in a criminal history category of VI. (PSI at ¶48). However, the criminal history points were of no consequence as an armed career offender's criminal history category is always set at a category VI pursuant to U.S.S.G. §4B1.4(c)(1) and (3). (PSI at ¶48). A total adjusted base offense level of 33 and a criminal history category of VI, resulted in a guideline imprisonment range of 235 to 293 months. (PSI at ¶79). The statutory term of imprisonment for the offense was a minimum of 15 years pursuant to 18 U.S.C. §§922(g) and 924(e) and a term of supervised release of no more than five years was permitted. (PSI at ¶¶78, 80, 81). The movant filed no objections to the PSI.

On July 22, 1994, the movant appeared for sentencing. See Transcript of sentencing proceedings. (Cr-DE# 91). The Court, having reviewed the PSI, adopted the findings of the probation officer and agreed with the calculations. Id. at 4. In pertinent part, defense counsel argued that a sentence at the lower end of the guidelines was appropriate, because the underlying predicate offenses of burglary did not have an element of violence and,

3

therefore, did not qualify as predicate offenses for purposes of determining movant's status as an armed career criminal. Id. at 5-6. Defense counsel acknowledged that movant's total length of incarceration pursuant to the state offenses amounted to seven years. Id. at 6-7. After hearing argument from defense counsel and the government, the Court found that a sentence at the high end of the guidelines was appropriate here due to movant's lengthy and extensive criminal history and the fact that prior punishment, which included both incarceration and nonincarceration, had failed to deter Steele from committing future crimes. Id. at 11-2. The Court sentenced the movant to a term of imprisonment of 293 months, a five-year term of supervised release, and a special assessment. Id. at 12-3. See also CR-DE# 52, 53.

After proceedings not relevant to the instant motion, Steele prosecuted a direct appeal from his conviction, raising the issue whether sufficient evidence supported the jury's verdict to convict him of unlawful possession of firearms. In an unpublished decision without written opinion issued on December 1, 1998, the Eleventh Circuit Court of Appeals affirmed movant's conviction. (CR-DE# 93). See also United States v. Steele, 165 F.3d 39 (11 Cir. 1998)(Table). Steele submitted the instant motion to vacate pursuant to 28 U.S.C. §2255 to this Court on August 10, 2009. (CR-DE# 101; CV-DE# 1). The government has filed its response to an order to show cause, and the movant has filed a reply. (CV-DE# 8, 9).

### IV. Threshold Issues - Timeliness and Procedural Bar

Movant implicitly acknowledges that his §2255 motion would be untimely under §2255(f)(1), but argues that his motion falls within §2255(f)(3) which provides that the one-year period of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court ... and made retroactively

4

applicable to cases on collateral review." The Supreme Court has decided a trilogy of cases considering whether a prior conviction qualifies as a "violent felony" under the Armed Career Criminal Act's residual clause. See Chambers v. United States, ___ U.S. ___, 129 S.Ct. 687 (2009); Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581 (2008); James v. United States, 550 U.S. 192, 127 S.Ct. 1586 (2007). Specifically, in 2008, the Supreme Court held in *Begay* that the term "violent felony" applies only to crimes that are "roughly similar, in kind as well as in degree of risk posed, to the examples [in the ACCA] themselves." Id. at 143, 129 S.Ct. at 1585. The Court explained that the crimes listed in the ACCA all required "purposeful, 'violent,' and 'aggressive' conduct." Id. at 144-45, 129 S.Ct. at 1586. The same year that *Begay* was decided, the Eleventh Circuit held in United States v. Archer, 531 F.3d 1347 (11 Cir. 2008) that under the authority of *Begay*, "the crime of carrying a concealed firearm may no longer be considered a crime of violence under the Sentencing Guidelines." Id. at 1352.

The Eleventh Circuit has recently determined that the Supreme Court decision in *Begay* and its own decision in *Archer* apply retroactively. See Gilbert v. U.S., ___ F.3d ___, 2010 WL 2473560, *5-6 (11 Cir. 2010). *Chambers*, like *Begay*, interpreted the ACCA and narrowed the scope of "violent felony." *Chambers* extended the holding of *Begay* to the crime of failing to report to serve a sentence, finding that such crimes did not involve conduct that presented a serious potential risk of physical injury to another. As such, it too deserves retroactive application on initial collateral review. See United States v. Shipp, 589 F.3d 1084 (10 Cir. 2009)(holding that the Supreme Court decision in Chambers v. United States, applied retroactively on collateral review to initial Section 2255 motions). It is noted that any court, including the district court in which the motion is filed, can make a new rule retroactive. See Dodd v. United States, 365 F.3d 1273,

5

1280-81 (11 Cir. 2004), *aff'd. on other grounds*, 545 U.S. 353 (2005).

*Chambers* was decided on January 13, 2009. Since Steele filed his motion to vacate within one year of the decision in *Chambers*, his motion has been timely filed.[1] See <u>Dodd v. United States</u>, 545 U.S. 353, 358-59 (2005). In its response, the government has rightfully conceded that *Chambers* is retroactively applicable to case on collateral review and this §2255 motion is timely. (Cv-DE# 8). The government argues, however, that the claim is procedurally barred from collateral review. While the government's assertion may be meritorious, this Court need not belabor the government's procedural argument in that it is clear from the record and applicable law that Steele is not entitled to relief on his claim. <u>See</u> <u>Chambers v. Bowersox</u>, 157 F.3d 560, 564 n. 4 (8 Cir. 1998)(stating that "[t]he simplest way to decide a case is often the best"). Accordingly, Steele will receive review on the merits of his claim, although not the relief he seeks.

### V. <u>Standard of Review</u>

The law is clear that Section 2255 authorizes a prisoner to move a sentencing court to vacate, set aside, or correct a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." <u>See</u> 28 U.S.C. §2255(a); <u>see also</u>, <u>Hill v. United States</u>, 368 U.S. 424, 426-27 (1962). "A sentence is otherwise subject to collateral attack where there is an error constituting a 'fundamental defect which inherently results in a

---

[1] It is noted that the movant filed a earlier §2255 motion. The motion was filed before the notice of appeal had been filed and the motion was ultimately dismissed as moot. As properly acknowledged by the government, this §2255 motion should be deemed movant's first §2255 motion.

6

complete miscarriage of justice.'" United States v. Jones, 56 F.3d 62 (4 Cir. 1995)(citations omitted).

## VI. Discussion

Movant claims that his enhanced armed career criminal sentence is unlawful because one of his prior convictions, escape, no longer qualifies as a "crime of violence" in light of the Supreme Court's decision in United States v. Chambers, ___ U.S. ___, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009). Steele's conviction-of being a felon in possession of a firearm under 18 U.S.C. §922(g)(1) would ordinarily subject to him to a term of imprisonment not to exceed ten years. 18 U.S.C. §924(a)(2). But where a felon violates §922(g)(1) "and has three previous convictions ... for a violent felony ... such person shall be ... imprisoned not less than fifteen years." 18 U.S.C. §924(e)(1)). Therefore, the issue becomes what constitutes a violent felony. See Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 1583, 170 L.Ed.2d 490 (2008)("The Armed Career Criminal Act ["ACCA"] imposes a more stringent 15-year mandatory minimum sentence on [such] an offender who has three prior convictions 'for a violent felony or a serious drug offense.'" (*quoting* 18 U.S.C. §924(e)(1))). The ACCA defines "violent felony" to include, inter alia, a felony offense punishable by imprisonment for a term exceeding one year that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Section 924(e)(2)(B)(ii)(known as the "otherwise" or residual clause). Section 924(e)(2)(B)(i) also includes as a "violent felony" any felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Id.

As indicated above, in the last few years, the Supreme Court has, on three separate occasions, instructed the district courts on

7

how to read the residual clause. See Chambers, ___ U.S. ___, 129 S.Ct. 687, 691-93, 172 L.Ed.2d 484 (2009); Begay, 553 U.S. 137, 143-48, 128 S.Ct. at 1586-88 (2008); James, 550 U.S. 192, 127 S.Ct. 1586, 1597, 167 L.Ed.2d 532 (2007). In each case, the Supreme Court determined whether a state crime was a "violent felony" under the ACCA. Specifically, in *Begay*, the Supreme Court held that to qualify as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," an offense "must be roughly similar, in kind as well as in degree of risk posed, to the [statutory] examples" of burglary, arson, extortion and offenses involving use of explosives. 553 U.S. at 143, 129 S.Ct. at 1585. The *Begay* Court reasoned that, to qualify under the "otherwise" clause, a crime must "typically involve purposeful, 'violent,' and 'aggressive' conduct. Id. at 144, 129 S.Ct. at 1586. The Court in *Chambers*, citing to its prior holding in *Begay*, reasoned that the crime at issue there, failure to report, failed to satisfy the ACCA's "violent felony" definitions under either §924(e)(2)(B)(i) or (ii), nor did it "involve conduct that presents a serious potential risk of physical injury to another." Chambers, 129 S.Ct. at 691. Thus, under *Begay* and *Chambers*, the Court must ask whether the conduct at issue in the statute is "purposeful, violent and aggressive," or, whether it is a more passive crime of inaction, such as the failure to report to a penal institution or driving under the influence of alcohol.

It is clear since *Chambers* that movant's conviction for failing to return to a work detail no longer qualifies as a crime of violence under the ACCA and cannot be included as one of the three predicate convictions. Movant is nevertheless not entitled to relief, because he still has three qualifying predicate convictions for enhanced sentencing under the ACCA. While the PSI report at ¶20 does not specify which prior convictions qualified movant as an armed career criminal, the report includes many qualifying prior

8

convictions, as indicated above. Although certain of the offenses relied upon by the government do not appear to be qualifying convictions, Steele certainly has at least three. For example, Steele was convicted of burglary of a dwelling in 1976, possession of cocaine where he received a term of imprisonment of five years, and contraband in prison where he received a sentence of five years' imprisonment. See PSI at ¶¶24, 40, 41. Contrary to movant's assertion, he has more than two prior convictions constituting either "violent felonies" or "serious drug offenses" under the ACCA to qualify him as an armed career criminal. Thus, Steele is not entitled to relief in that he would have been sentenced as an armed career criminal under §924(e) even without the escape conviction, because he has the requisite number of predicate felonies. Thus, Steele was properly sentenced him as an armed career criminal.

## VII. Conclusion

It is therefore recommended that the motion to vacate be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 13th day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Vincent Gregory Steele, Pro Se
    Reg. No. 47366-004
    Federal Correctional Institution
    2600 Highway 301 South
    Jesup, GA 31599

    Thomas P. Lanigan, AUSA
    U.S. Attorney's Office
    500 East Broward Boulevard, 7th Floor
    Fort Lauderdale, FL 33394