UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22368-CIV-UNGARO

VINCENT GREGORY STEELE,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT

THIS CAUSE is before the Court upon Movant's *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255, filed August 10, 2009 (D.E. 1.)

THE COURT has reviewed the record as a whole and is otherwise fully advised in the premises.

This matter was referred to Magistrate Judge Patrick A. White, who, on July 13, 2010, issued a Report recommending that the Motion be denied. (D.E. 3.) The parties were afforded the opportunity to file objections to the Magistrate Judge's Report. On August 2, 2010, Petitioner filed objections to the Report. (D.E. 10.) The matter is now ripe for review.

In his Motion to Vacate, the Movant argues that his sentence is unlawful and should be vacated because one of his prior convictions, escape, no longer qualifies as a "crime of violence" in light of the Supreme Court's recent holding in *United States v. Chambers*, __ U.S. __, 129 S. Ct. 687 (2009). Accordingly, Movant argues, the armed career criminal enhancement, which was used in calculating his guidelines sentence, was improperly applied. The Magistrate Judge

concludes in his Report that Movant is not entitled to the relief sought, because Movant was convicted of at least three qualifying predicate offenses apart from the escape conviction that is the basis for the instant motion.

Steele raises three objections to the Magistrate Judge's Report. First, he argues that the Magistrate Judge's Report fails to analyze "whether Petitioner is actually innocent of the Armed Career Criminal status as to overcome any procedural obstacle." (D.E. 11.) This objection lacks merit, as the Magistrate Judge does not find that any procedural obstacle impairs the instant motion; the Magistrate Judge ultimately concludes that the Motion should be denied not on any procedural ground but on the merits.

Second, Steele argues that the Report incorrectly concludes that the armed career criminal enhancement applies even without counting his conviction for escape as a qualifying predicate conviction. This argument also fails, as Movant's pre-sentence investigation report indicates that he has at least three qualifying predicate offenses apart from the escape conviction; Movant has three burglary convictions alone.

Finally, Steele argues that the Report incorrectly concludes that "any of Petitioner's simple possession drug charges qualify as predicates 'serious drug offenses' for ACCA enhancement." The Court notes that the Magistrate Judge's Report seems to indicate that two of Movant's prior drug offenses constitute "serious drug offenses," because Movant received sentences of five years for those offenses. However, whether those offenses constitute "serious drug offenses" under the armed career criminal act is irrelevant, as the Court has determined that Movant has at least three qualifying predicate offenses apart from his drug convictions.

The undersigned has carefully considered each of the Movant's objections but ultimately concurs with the conclusion reached in the Magistrate Judge's Report, namely that, Movant is

not entitled to relief because he would have received a sentencing enhancement for his status as an armed career criminal even without the escape conviction. Accordingly, having conducted a careful, *de novo* review of the record, it is hereby

ORDERED AND ADJUDGED that the Magistrate Judge's Report (D.E. 3) is RATIFIED, ADOPTED and AFFIRMED. Petitioner's *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 (D.E. 1), is DENIED.

DONE and ORDERED in Chambers, at Miami, Florida this _5th_ day of August, 2010.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Vincent Gregory Steele, *pro se*
Counsel of record